## ALLEN *vs.* HOWLAND.

*Sixth Judicial District Court,* 1857.

### SETT-OFF.

A joint indebtedness cannot be sett-off as a defense to a separate indebtedness, nor a separate debt against a joint one.

Demurrer to an answer pleading a set-off.

*McKune, Johnson & Ackeny,* for plaintiff.

*W. P. George,* for defendant.

Monson, J.—This action is brought to recover the sum of five hundred dollars, alleged to be due from defendant to plaintiff. In his answer defendant denies being indebted, and then sets up as a counter claim two promissory notes, drawn and executed by plaintiff and another party ; to this portion of the answer plaintiff demurs, contending that a joint indebtedness cannot be set up as a defense to a sepa-

rate one. The law of set-off, as it originally existed, has been materially changed by our Practice Act, but yet it does not authorize a joint debt to be set up as a defense to a separate one, nor a separate debt against a joint one : the debts must be due to and from the same persons. It is true, under our system of practice, a party may set up an equitable defense to an action at law, but as a general rule, the law of set-off is the same in equity as in law : joint debts cannot be set-off in equity any more than at law, against separate debts, unless there be equitable circumstances. (2 Story Equity Jur., sec. 1437 ; 3 Mason Rep., p. 138 ; 2 Summer Rep., p. 400.) No such equitable circumstances are shown to exist here, consequently I render judgment for the plaintiff on the demurrer.